UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DINO N. THEODORE<br>and ACCESS WITH SUCCESS, INC.,<br>Plaintiffs<br><br>v.<br><br>THE NORTHBRIDGE BUSINESS<br>CENTER CONDOMINIUM<br>ASSOCIATION,<br>Defendant | CASE NO.: 1:20-cv-307 |

## COMPLAINT

The plaintiffs bring this action to enforce Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12182(b)(2), against the defendant, The Northbridge Business Center Condominium Association ("Northbridge"). The plaintiffs, Dino N. Theodore and Access with Success, Inc. ("AWS") allege that Northbridge has violated Title III of the ADA. The plaintiffs seek declaratory relief and an order that Northbridge remove architectural barriers to wheelchair access in the common areas of a professional office park known as Northbridge Business Center in Nashua, New Hampshire, a public accommodation that Northbridge owns and operates.

## PARTIES

1. The plaintiff, Dino N. Theodore, age 59, is paralyzed from the chest down and uses a wheelchair for ambulation. He drives a car equipped with hand controls.

2. Mr. Theodore resides 1305 Methuen Street, in Dracut, Massachusetts. He is a practicing attorney who has been admitted to practice law in Massachusetts since 1993.

3. Mr. Theodore is a qualified individual with disabilities within the meaning of all applicable statutes, including the ADA, and is disabled within the meaning of the ADA in that he is substantially limited in performing one or more major life activities, including but not limited

to walking and standing.

4.    The plaintiff, AWS, is a non-profit corporation organized and existing under the laws of the Commonwealth of Massachusetts.  Its members are able-bodied individuals and qualified individuals with disabilities as defined by the ADA.

5.    The individually named plaintiff, Dino N. Theodore, is a member and a director of AWS. Members of AWS are predominantly qualified individuals with disabilities within the meaning of the ADA and all other applicable federal and state statutes.

6.    AWS is a civil rights group organized for charitable and educational purposes by individuals with disabilities to advocate for the integration into society of disabled persons and equal access to all services, activities, programs, resources and facilities available to non-disabled persons. Its members are predominantly, but not exclusively, individuals with various physical disabilities impairing mobility, speech, vision, and hearing. One of the primary purposes of AWS is to assure that private places of public accommodation are accessible to, and usable by persons with disabilities. AWS seeks to send a clear message that segregated services and inaccessible public accommodations are against the law and should not be tolerated.

7.    Title III of the ADA permits private individuals, such as Mr. Theodore, to bring lawsuits in which they can obtain court orders to stop discrimination on the basis of disability.

8.    AWS and its members have suffered direct and indirect injury as a result of the defendant's actions or inactions as described herein.  AWS also has been discriminated against because of its association with Dino Theodore and his claims.  The defendant's failure to comply with the ADA adversely affects the organizational purpose of AWS.

9. The defendant, Northbridge, was created by the recordation of condominium instruments pursuant to RSA 356-B. Northbridge is a unit owners' association within the meaning of RSA 356-B.

10. Northbridge has a principal address of 74-76 Northeastern Boulevard, Nashua, New Hampshire.

11. Professional offices of health care providers occupy the majority of condominium units at Northbridge Business Center. The medical offices and other professional service establishments at Northbridge Business Center are places of public accommodation. *28 C.F.R. Part 36 § 36.104.*

12. Northbridge is a public accommodation because it is a private entity that owns, leases (or leases to), or operates a place of public accommodation." *28 C.F.R. Part 36 § 36.104.*

## SYNOPSIS OF A CAUSE OF ACTION UNDER THE ADA

13. Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals. In studying the need for such legislation, Congress found that "historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem." *42 U.S.C. § 12101(a)(2)*

14. Congress found that the many forms such discrimination takes include "outright intentional exclusion" as well as the "failure to make modifications to existing facilities and practices." *42 U.S.C. § 12101(a)(5)*

15. After thoroughly investigating the problem, Congress concluded that there was a "compelling need" for a "clear and comprehensive national mandate" to eliminate discrimination against disabled individuals and to integrate them "into the economic and social mainstream of American life." *S. Rep. No. 101-116, p. 20 (1989); H. R. Rep. No. 101-485, pt. 2, p. 50 (1990).*

16. The ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." *42 U.S.C. § 12182(a)*

17. In order to make a prima facie case under Title III of the ADA, a plaintiff must prove that (1) he has a disability, (2) defendant's' facility is a place of public accommodation, (3) and he was denied full and equal treatment because of his disability.

18. The ADA's public accommodations provisions also permit an individual to allege discrimination based on a reasonable belief that discrimination is about to occur.

19. A plaintiff with a disability need not engage in the "futile gesture" of attempting to gain access to each and every feature of a facility or place of public accommodation where access barriers are known to exist and where the owner or operator does not intend to comply with the provisions of the ADA. *42 U.S.C. § 12188(a)(1)*

20. As alleged more specifically below, Northbridge Business Center is not in compliance with the ADA and with the 2010 ADA Standards.

## JURISDICTION AND VENUE

21. The Court has primary jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343 in that this action arises under the laws of the United States and the defendant is subject to personal jurisdiction.

22. Venue is proper in this Court under 28 U.S.C. § 1391, the claim having arisen in the State of New Hampshire.

# COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

23. Mr. Theodore's daughter, Christina Theodore, is a patient of New England Periodontics, 76 Northeastern Boulevard, Suite 34A, at Northbridge Business Center.

24. On February 11, 2020, Mr. Theodore gave his daughter a ride to her scheduled appointment with New England Periodontics. He intended to accompany her. Her periodontist had advised her not to drive following this appointment.

25. On February 11, 2020, Mr. Theodore was effectively barred from entering New England Periodontics or, for that matter, any other interior part of Northbridge Business Center. He waited for his daughter outside in his car during her appointment because the following architectural barriers prevent full and equal wheelchair access to the services and accommodations offered at Northbridge Business Center:

    a. An absence of accessible car and van parking spaces (Standard 208.2 and Standard 502);

    b. An absence of wheelchair-accessible parking spaces that are located on the shortest accessible route to the accessible building entrances that the accessible parking spaces are intended to serve (Standard 208.3.1);

    c. An absence of clearly marked access aisles contiguous to accessible parking spaces as required by Standard 502.3;

    d. An absence of above ground signs identifying accessible parking spaces as required by Standards 216.5 and 502.6;

    e. The absence of the minimum number of required car and van accessible parking spaces (Standard 208.2);

    f. The absence of accessible curb cuts in locations adjacent to accessible parking spaces and the overall lack of an accessible route from accessible parking spaces to accessible building entrances within Northbridge Business Center (Standard 402 and Standard 206.2.2);

    g. The absence of properly designed and sloped ramps on the sidewalks of Northbridge Business Center (Standards 208, 405 and 406);

h. The absence of accessible building entrances (Standard 404);

26. The above listing is not to be considered all-inclusive of the barriers, conditions or violations that exist at the defendant's place of public accommodation. The plaintiffs require an inspection of Northbridge Business Center to identify all of the architectural barriers that violate the ADA.

27. Mr. Theodore lives within a half-hour's driving distance of Northbridge Business Center. His daughter continues to have periodontic appointments there and she will need his assistance to provide rides home. Mr. Theodore also would like to be able to become a patient of New England Periodontics, if necessary, or of any other medical provider at Northbridge Business Center. As such, he is likely to return to Northbridge Business Center.

28. Northbridge has discriminated against Mr. Theodore and AWS and others with disabilities, by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Northbridge Business Center, as prohibited by 42 U.S.C. § 12182, *et seq.*, and Northbridge will continue to discriminate against the plaintiffs and others with disabilities unless and until it is compelled to remove all physical barriers that exist at its facility, including those specifically set forth herein, and make the facilities at Northbridge Business Center, accessible to and usable by persons with disabilities, such as Dino Theodore and the members of AWS.

29. Mr. Theodore reasonably expects that he will return to the Northbridge Business Center, but he continues to be denied meaningful and equal access to it due to architectural barriers to wheelchair access.

30. Mr. Theodore suffered an injury in-fact as a result of the defendant's non-compliance with the ADA. His expectation to visit Northbridge Business Center in the future creates a real and immediate threat of future harm.

31. The defendant has failed to adopt adequate non-discrimination policies and has failed to modify its policies to accommodate disabled persons.

32. The defendant has failed to take those steps that may be necessary to ensure that individuals with disabilities are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of reasonable accommodations at Northbridge Business Center.

33. The defendant has denied persons with disabilities, such as Mr. Theodore, an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations at Northbridge Business Center that are equal to that afforded to non-disabled persons.

34. The defendant has failed to implement a plan to remove architectural barriers to wheelchair access at Northbridge Business Center.

35. With respect to altered facilities under the ADA, discrimination constitutes "a failure to make alterations in such manner that, to maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs." *42 U.S.C. § 12183(a)(2)*

36. On information and belief, Northbridge Business Center has undergone alterations, such that including accessible features was mandatory, but Northbridge did not include accessibility features in the renovations.

37. If Northbridge never altered Northbridge Business Center within the meaning of the ADA, Northbridge nonetheless would be required to remove architectural barriers to wheelchair access to the extent that such modifications would be "readily achievable."

38. Contrary to a popular misconception, "grandfathering" is not operative in any part of Title III of the ADA. The "readily achievable" standard is the operative standard. There is no absolute exemption based on the age of a building.

38A. Under 42 USC § 12181(9) the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."

39. The "readily achievable" requirement is based on the size and resources of the entity. Larger places of public accommodation are expected to take a more active role in removing barriers than less substantial places of public accommodation.

40. Barrier removal is an ongoing obligation. A place of public accommodation is expected to remove barriers as resources become available.

41. Despite having available resources, Northbridge has not engaged in readily achievable barrier removal at Northbridge Business Center on an ongoing basis.

42. The actions and initiatives that the defendant has failed to undertake in order to make Northbridge Business Center accessible to persons with disabilities are actions and initiatives that would be readily achievable, required by law, and would greatly assist persons with mobility disabilities at minimal expense to the defendant.

43. The defendant's conduct constitutes ongoing and continuous violations of the ADA and, unless restrained from doing so, the defendant will continue to violate the ADA. Said conduct, unless enjoined, will continue to inflict injuries for which the plaintiffs have no adequate remedy at law.

44. The declaratory and injunctive relief requested herein will redress the plaintiffs' injury.

WHEREFORE, the plaintiffs pray for:

i. A declaratory judgment that at the commencement of this action that Northbridge was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Northbridge has taken no readily achievable action to bring Northbridge Business Center into ADA compliance;

ii. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) that orders Northbridge to take all steps necessary to bring Northbridge Business Center into compliance with the requirements of the ADA, and its implementing regulations;

iii. An order that the Court shall retain jurisdiction for a period to be determined to ensure that Northbridge has adopted and is following an institutional policy that will in fact cause them to remain fully in compliance with Title III of the ADA;

iv. Payment of costs of suit;

v. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505, including costs of monitoring Northbridge's compliance with the judgment; and

vi. The provision of any other relief the Court deems just, equitable and proper.

> Respectfully submitted,
> The Plaintiffs, DINO THEODORE, et al.,
>
> By their Attorneys,
>
> /s/Nicholas S. Guerrera
> Nicholas S. Guerrera, NH BAR ID 6520
> Shaheen, Guerrera & O'Leary, LLC
> Jefferson Office Park
> 820A Turnpike Street
> North Andover, MA 01845
> (978) 689-0800
> nguerrera@sgolaw.com

Dated: March 4, 2020